DREW, Justice.
On February 2, 1955, the trial court found that the plaintiff’s complaint in equity is “one for a simple breach of contract for which- he claims1 damage,” and ordered the case transferred to the law side of the court. Certiorari to review that order is sought by the petitioner, who was the plaintiff in the trial court.
The complaint in substance alleges that at the time of the sale of all of the stock in a hotel corporation, in which stock the plaintiff and the respondent, Henry J. Beutel, each owned an interest, the said Henry J. Beutel took from the buyer a $76,000 mortgage and note as part of the purchase price in only the name of the three respondents, Virginia L. Beutel, and Gale K. Hovey and Dolores Hovey, his wife, as mortgagees, none of whom had an actual interest in the mortgage, and contrary to the written agreement between plaintiff and Henry J. Beutel whereby the latter agreed to take the mortgage in both their names with a showing in the instrument of plaintiff’s interest therein of $48,-000. The plaintiff prayed that the court determine his interest in the mortgage and note, and establish a lien thereon for that amount, and enjoin transfer of these instruments.
The complaint contained other allegations, but those to which we have made reference are, of themselves, amply sufficient to invoke equity jurisdiction. Com *770 pare Zachary Veneer Co. v. Engelken, 136 Fla. 89, 186 So. 813. The trial court erred in entry of the order transferring the cause to the law side of the court.
Certiorari is granted. The order of transfer entered in this cause on February 2, 1955, is hereby quashed with direction to the trial court to proceed in a manner consistent with the views expressed herein.
MATHEWS, C. J„ and THOMAS and HOBSON, JJ., concur.